## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| CLOUD PEAK ENERGY INC., *et al.*, | Case No. 19 – 11047 (KG) |
| Debtors.[1] | (Jointly Administered) |
|  | Re: Docket No. 152 |

## ORDER
## AUTHORIZING THE RETENTION AND
## EMPLOYMENT OF VINSON & ELKINS L.L.P.
## AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN
## POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "*Application*")[2] filed by the above-referenced debtors and debtors in possession (collectively, the "*Debtors*") for entry of an order (the "*Order*") authorizing the Debtors to retain and employ Vinson & Elkins L.L.P. ("*V&E*") as attorneys for the Debtors, effective *nunc pro tunc* to May 10, 2019 (the "*Petition Date*"), pursuant to sections 327(a), and, 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1; and the Court having reviewed the Application, the First Day Declaration, the Meyer Declaration, and the Retention Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Antelope Coal LLC (8952); Arrowhead I LLC (3024); Arrowhead II LLC (2098); Arrowhead III LLC (9696); Big Metal Coal Co. LLC (0200); Caballo Rojo LLC (9409); Caballo Rojo Holdings LLC (4824); Cloud Peak Energy Finance Corp. (4674); Cloud Peak Energy Inc. (8162); Cloud Peak Energy Logistics LLC (7973); Cloud Peak Energy Logistics I LLC (3370); Cloud Peak Energy Resources LLC (3917); Cloud Peak Energy Services Company (9797); Cordero Mining LLC (6991); Cordero Mining Holdings LLC (4837); Cordero Oil and Gas LLC (5726); Kennecott Coal Sales LLC (0466); NERCO LLC (3907); NERCO Coal LLC (7859); NERCO Coal Sales LLC (7134); Prospect Land and Development LLC (6404); Resource Development LLC (7027); Sequatchie Valley Coal Corporation (9113); Spring Creek Coal LLC (8948); Western Minerals LLC (3201); Youngs Creek Holdings I LLC (3481); Youngs Creek Holdings II LLC (9722); Youngs Creek Mining Company, LLC (5734). The location of the Debtors' service address is: 385 Interlocken Crescent, Suite 400, Broomfield, Colorado 80021.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Application.

" = "1" "" ""

Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in this Application and the Meyer Declaration that V&E's employment is in the best interests of the Debtors' estates and that V&E (a) does not represent, and does not hold, any interest adverse to the Debtors' estates and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and has no connection to the Debtors, their creditors, or other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is **GRANTED** as set forth herein.

2. The Debtors are authorized to retain and employ V&E as their counsel *nunc pro tunc* to the Petition Date in accordance with (a) the terms and conditions set forth in the Engagement Letter attached to the Application as **Schedule 1** to **Exhibit B-1** and (b) this Order.

3. V&E shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. V&E shall also

" = "1" "" ""

make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* in connection with interim and final fee applications to be filed by V&E in these chapter 11 cases.

4. V&E shall apply half of the advance payment retainer currently held by V&E to its first monthly fee application approved by the Court. At the conclusion of V&E's engagement by the Debtors, if the amount of any advance payment retainer held by V&E is in excess of the amount of V&E's outstanding and estimated fees, expenses, and costs, V&E will pay to the Debtors the amount by which any advance payment retainer exceed such fees, expenses, and costs, in each case in accordance with the Engagement Letter

5. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to V&E's fee applications under the Bankruptcy Code are not approved, pending further order of the Court.

6. V&E shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness

" = "1" "" ""

standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. The Debtors and V&E are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

9. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: June 11th, 2019**
**Wilmington, Delaware**

" = "1" "" ""

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE