**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 11 |
| CLOUD PEAK ENERGY INC., *et al.*, | ) ) | Case No. 19 – 11047 (KG) |
| Debtors.[1] | ) ) | (Jointly Administered) |
|  | ) ) | **Re: Docket No. 258** |

**ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME THE AMENDED AND RESTATED SALE AND PLAN SUPPORT AGREEMENT, (II) APPROVING THE LIEN AND GUARANTY SETTLEMENT CONTAINED IN THE AMENDED AND RESTATED SALE AND SUPPORT AGREEMENT, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) GRANTING RELATED RELIEF**

Upon the Motion[2] filed by the above-referenced debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (the "***Order***") (i) authorizing the Debtors to assume that certain Amended and Restated Sale and Plan Support Agreement dated as of May 9, 2019 (the "***SAPSA***"), (ii) approving the Lien and Guaranty Settlement contained in the SAPSA, (iii) modifying the automatic stay to the extent necessary to permit the relief requested, and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of*

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Antelope Coal LLC (8952); Arrowhead I LLC (3024); Arrowhead II LLC (2098); Arrowhead III LLC (9696); Big Metal Coal Co. LLC (0200); Caballo Rojo LLC (9409); Caballo Rojo Holdings LLC (4824); Cloud Peak Energy Finance Corp. (4674); Cloud Peak Energy Inc. (8162); Cloud Peak Energy Logistics LLC (7973); Cloud Peak Energy Logistics I LLC (3370); Cloud Peak Energy Resources LLC (3917); Cloud Peak Energy Services Company (9797); Cordero Mining LLC (6991); Cordero Mining Holdings LLC (4837); Cordero Oil and Gas LLC (5726); Kennecott Coal Sales LLC (0466); NERCO LLC (3907); NERCO Coal LLC (7859); NERCO Coal Sales LLC (7134); Prospect Land and Development LLC (6404); Resource Development LLC (7027); Sequatchie Valley Coal Corporation (9113); Spring Creek Coal LLC (8948); Western Minerals LLC (3201); Youngs Creek Holdings I LLC (3481); Youngs Creek Holdings II LLC (9722); Youngs Creek Mining Company, LLC (5734). The location of the Debtors' service address is: 385 Interlocken Crescent, Suite 400, Broomfield, Colorado 80021.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

1

*Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. Any objections to the Motion not resolved or otherwise withdrawn are **OVERRULED**.

3. The Debtors are authorized, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, to assume the SAPSA, as amended in the form attached hereto as **Exhibit 1**, perform all of their obligations thereunder, and implement the actions contemplated thereby, and effective as of the date of entry of this Order, the SAPSA is assumed as amended pursuant to section 365(a) of the Bankruptcy Code.

4. The SAPSA shall be binding and enforceable against the Parties (as defined in the SAPSA) in accordance with its terms.

5. The failure to describe specifically or include any particular provision of the SAPSA or related documents in the Motion or this Order shall not diminish or impair the

effectiveness of such provision, it being the intent of this Court that the SAPSA be assumed by the Debtors in its entirety (including any exhibits or attachments thereto).

6. The SAPSA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, solely in accordance with the terms thereof, without further order of the Court.

7. The Debtors and the Consenting Noteholders are granted all rights and remedies provided to them under the SAPSA, including without limitation, the right to specifically enforce the SAPSA in accordance with its terms.

8. No default exists under the SAPSA, and therefore, the Debtors are not required to satisfy the requirements of section 365(b)(1) of the Bankruptcy Code. Accordingly, the Debtors are not required to: (i) cure, or provide adequate assurance that the Debtors shall promptly cure, any default under the SAPSA, (ii) compensate, or provide adequate assurance that the Debtors shall promptly compensate, the Consenting Noteholders for any actual pecuniary loss resulting from any default, or (iii) provide adequate assurance of future performance of the SAPSA.

9. To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to effectuate all of the terms and provisions of the SAPSA and this Order, including permitting the parties to the SAPSA to exercise all rights and remedies under the SAPSA in accordance with its terms, and deliver any notice contemplated thereunder, in each case, without further order of the Court.

10. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Lien and Guaranty Settlement included in the SAPSA is hereby approved.

11. The terms of the Lien and Guaranty Settlement are incorporated into this Order as if fully set forth herein.

12. This Order shall be binding on the Consenting Noteholders and their respective successors or assigns, and on the Debtors, their estates, and any successors or assigns, including without limitation any trustee, liquidating trustee or other estate representative.

13. The entry of this Order, and the relief granted herein, including, without limitation, the approval of the SAPSA and any terms and provisions contained therein, shall not modify the Debtors' obligations, if any, under any applicable federal, state or local police or regulatory laws and 28 U.S.C. § 959(b), and any applicable statutory liens, and nothing in this Order or in the SAPSA shall be deemed to relieve the Debtors of any such obligations, or impair any such obligations in connection with the sale of any assets or the disposition of any proceeds of any sale.

14. Nothing in this Order or the SAPSA shall be deemed to authorize or approve the sale of any of the Debtors' assets, and the entry of this Order is without prejudice to the rights of any party (unless otherwise provided with respect to any party to the SAPSA) to object or respond to a sale, any chapter 11 plan, any APA, or any other document or instrument contemplated by or in connection with any of the foregoing, and all such rights, including, without limitation, any applicable statutory lien rights, are reserved and preserved in all respects.

15. Nothing in this Order, the SAPSA, or otherwise shall be deemed a waiver of any rights, remedies or defenses that any party (including the Sureties, the Debtors, the Debtors' lenders, or any prospective purchaser, unless otherwise provided with respect to any party to the SAPSA) has or may have under applicable bankruptcy or non-bankruptcy laws, under any indemnity agreements, surety bonds or related agreements, or any letters of credit relating thereto, or any rights, remedies or defenses of the Debtors with respect thereto.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

US 6478844

17. Notwithstanding Bankruptcy Rules 4001(a)(3) and 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

18. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: July 18th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**

US 6478844