# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| CLOUD PEAK ENERGY INC., *et al.*, | Case No. 19 – 11047 (KG) |
| Debtors.[1] | (Jointly Administered) |
|  | Re: Docket No. 685, 686, 687 |

**ORDER (I) CONDITIONALLY APPROVING
THE DISCLOSURE STATEMENT; (II) SCHEDULING A COMBINED
PLAN AND DISCLOSURE STATEMENT HEARING; (III) APPROVING
SOLICITATION PACKAGES AND PROCEDURES; (IV) APPROVING
THE FORM OF BALLOTS; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] filed by the above-referenced debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***") *(I) Conditionally Approving the Disclosure Statement; (II) Scheduling a Combined Plan and Disclosure Statement Confirmation Hearing; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Form of Ballots; and (V) Granting Related Relief*, all as more fully set forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Antelope Coal LLC (8952); Arrowhead I LLC (3024); Arrowhead II LLC (2098); Arrowhead III LLC (9696); Big Metal Coal Co. LLC (0200); Caballo Rojo LLC (9409); Caballo Rojo Holdings LLC (4824); Cloud Peak Energy Finance Corp. (4674); Cloud Peak Energy Inc. (8162); Cloud Peak Energy Logistics LLC (7973); Cloud Peak Energy Logistics I LLC (3370); Cloud Peak Energy Resources LLC (3917); Cloud Peak Energy Services Company (9797); Cordero Mining LLC (6991); Cordero Mining Holdings LLC (4837); Cordero Oil and Gas LLC (5726); Kennecott Coal Sales LLC (0466); NERCO LLC (3907); NERCO Coal LLC (7859); NERCO Coal Sales LLC (7134); Prospect Land and Development LLC (6404); Resource Development LLC (7027); Sequatchie Valley Coal Corporation (9113); Spring Creek Coal LLC (8948); Western Minerals LLC (3201); Youngs Creek Holdings I LLC (3481); Youngs Creek Holdings II LLC (9722); Youngs Creek Mining Company, LLC (5734). The location of the Debtors' service address is: 385 Interlocken Crescent, Suite 400, Broomfield, Colorado 80021.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. The Disclosure Statement is conditionally approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. Any objections to the Plan or the adequacy of the information contained in the Disclosure Statement are reserved for consideration at the Combined Hearing.

**A. Important Dates and Deadlines.**

3. The various deadlines related to the Combined Hearing are approved as set forth below.

   a. **Voting Record Date**. October 15, 2019, at 5:00 p.m. (Prevailing Eastern Time).

   b. **Commencement of Solicitation**. October 29, 2019, at 5:00 p.m. (Prevailing Eastern Time) is the date and time by which the Solicitation Package and Non-Voting Notice shall be mailed by the Debtors.

   c. **Deadline to File 3018 Motions.** November 11, 2019, at 5:00 p.m. (Prevailing Eastern Time) is the date and time by which holders of Claims may file with the Court a motion pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Disclosure Statement and Plan. The Debtors (and, with respect

    to filing a response, any other party in interest) shall then (i) have until November 20, 2019 at 5:00 p.m. (Prevailing Eastern Time) to file and serve any responses to such Rule 3018 Motions, and (ii) coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Combined Hearing. Any Ballot submitted by a holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Solicitation and Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or equity interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

d. **Plan Supplement**. November 20, 2019, at 5:00 p.m. (Prevailing Eastern Time) is the date and time by which any Plan Supplement must be filed with the Court. The Debtors reserve the right to request that the Court shorten the seven-day Plan Supplement filing requirement of Local Rule 3016-2 based on the circumstances.

e. **Deadline for Debtors to Object to Claims for Voting Purposes**. November 27, 2019, at 5:00 p.m. (Prevailing Eastern Time) is the deadline by which any Debtor objections to Claims for voting purposes must be filed with the Court.

f. **Voting Deadline**. November 27, 2019, at 5:00 p.m. (Prevailing Eastern Time) is the deadline by which Ballots must be received by the Debtors' Voting Agent.

g. **Objection Deadline**. November 27, 2019, at 5:00 p.m. (Prevailing Eastern Time) is the deadline by which objections to the adequacy of the Disclosure Statement and/or confirmation of the Plan must be filed. Objections must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors, the basis for the objection, the specific grounds of the objection, and must filed and be served upon: (a) the Office of the United States Trustee of the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jane M. Leamy; (b) counsel to the Debtors, (i) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Daniel J. DeFranceschi and John H. Knight; (ii) counsel to the Debtors, Vinson & Elkins LLP, 666 Fifth Avenue, 26th Floor, New York, New York 10103, Attn: David S. Meyer, Jessica C. Peet, and Lauren R. Kanzer and 2001 Ross Avenue, Suite 3900, Dallas, Texas 75201, Attn: Paul E. Heath; (c) counsel to the Prepetition Secured Noteholder Group, (i) Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Attn: Damian S. Schaible and Aryeh E. Falk, and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Curtis Miller; and (d) counsel to the Committee, (i) Morris James LLP, 500 Delaware Avenue, Suite 1500 Wilmington, DE 19801, Attn: Carl N. Kunz, III, Eric J. Monzo, and Brya M. Keilson, and (ii) Morrison & Foerster LLP, 250 West 55th Street New York, NY 10019-9601, Attn: Lorenzo Marinuzzi, Jennifer L. Marines, Todd M. Goren, and Daniel J. Harris.

      h.      **Voting Report Filing Deadline**.  December 3, 2019, at 5:00 p.m. (Prevailing Eastern Time) is the deadline by which the Debtors shall file a declaration of the Voting Agent attesting to the voting on the Plan.

      i.      **Confirmation Brief Filing Deadline**.  December 3, 2019, at 5:00 p.m. (Prevailing Eastern Time) is the deadline by which the Debtors shall file the confirmation brief in support of final approval of the Disclosure Statement and confirmation of the Plan consistent with Local Rule 3017-3.

      j.      **Combined Hearing**. December 5, 2019, at 9:30 a.m. (Prevailing Eastern Time) is the date and time by which the Combined Hearing shall be held before the Honorable Kevin Gross at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, DE 19801.

**B.**      **Solicitation, Ballots, and Voting.**

      4.      Prime Clerk LLC is hereby approved to serve as the Voting Agent.

      5.      The Combined Hearing Notice, the Non-Voting Notice, and the Publication Notice are approved in all respects.

      6.      The form of Ballots are approved in all respects.

      7.      The Solicitation and Tabulation Procedures and the Master Ballot Voting and Tabulation Procedures are hereby approved.

      8.      With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim *only if*: (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Voting Record Date.

### C.    Miscellaneous.

9.    Nothing in the Disclosure Statement or this Order shall be deemed to alter, limit, or modify the terms and provisions of the Arch Insurance Company, Argonaut Insurance Company, Aspen American Insurance Company, Aspen Specialty Insurance Company, Fidelity and Deposit Company of Maryland, Colonial American Casualty and Surety Company, American Guarantee and Liability Insurance Company, and North American Specialty Insurance Company (collectively, the "*Sureties*" and each, individually, a "*Surety*") under the Sale Order or the Sureties' respective rights under the commercial surety bonds on behalf of certain of the Debtors (collectively, the "*Existing Surety Bonds*" and, each individually, an "*Existing Surety Bond*"), certain existing indemnity agreements and/or related agreements (including coal reclamation bond agreements) by and between the Sureties, on the one hand, and the Debtors and their affiliates and certain non-Debtors, as applicable, on the other hand (collectively, the "*Existing Indemnity Agreements*" and, each, an "*Existing Indemnity Agreement*"), or under or in any collateral or the proceeds of such collateral securing such Existing Surety Bonds and Existing Indemnity Agreements.

10.    This Order shall not alter, limit, expand, modify, release, waive or prejudice any party's rights with respect to objections to the Plan, including, without limitation, objections to the exculpation, release, injunction, exclusions, and discharge provisions contained in Article VIII of the Plan.

11.    The Combined Hearing may be adjourned from time to time without further notice to creditors and other parties in interest by an announcement of an adjourned date at the Combined Hearing or any adjournment thereof or by an appropriate filing with the Court.

12. The Debtors are authorized to take or refrain from taking all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion without seeking further order from the Court.

13. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, Combined Hearing Notice, Non-Voting Notice, and Publication Notice without further order of the Court.

14. Notwithstanding anything in the Bankruptcy Code or the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: October 15th, 2019**
**Wilmington, Delaware**
US 6505304

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**