IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CLOUD PEAK ENERGY INC., *et al.*, | ) ) | Case No. 19 –11047 (KG) |
| Debtors.[1] | ) ) | (Jointly Administered) |
|  | ) ) | Re: Docket No. 744 |

**DECLARATION OF
JAMES DALOIA OF PRIME CLERK LLC REGARDING
THE SOLICITATION OF VOTES AND TABULATION OF BALLOTS
CAST ON THE REVISED FIRST AMENDED JOINT CHAPTER 11 PLAN
OF CLOUD PEAK ENERGY INC. AND CERTAIN OF ITS DEBTOR AFFILIATES**

I, James Daloia, declare, under the penalty of perjury:

1. I am the Director of Global Corporate Actions at Prime Clerk LLC ("*Prime Clerk*"), located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165. I am over the age of eighteen years and not a party to the above-captioned cases. Unless otherwise noted, I have personal knowledge of the facts set forth herein.

2. I submit this declaration (this "*Declaration*") with respect to the solicitation of votes and the tabulation of Ballots cast on the *Revised First Amended Joint Chapter 11 Plan of Cloud Peak Energy Inc. and Certain of its Debtor Affiliates*, dated October 22, 2019 [Docket No.

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Antelope Coal LLC (8952); Arrowhead I LLC (3024); Arrowhead II LLC (2098); Arrowhead III LLC (9696); Big Metal Coal Co. LLC (0200); Caballo Rojo LLC (9409); Caballo Rojo Holdings LLC (4824); Cloud Peak Energy Finance Corp. (4674); Cloud Peak Energy Inc. (8162); Cloud Peak Energy Logistics LLC (7973); Cloud Peak Energy Logistics I LLC (3370); Cloud Peak Energy Resources LLC (3917); Cloud Peak Energy Services Company (9797); Cordero Mining LLC (6991); Cordero Mining Holdings LLC (4837); Cordero Oil and Gas LLC (5726); Kennecott Coal Sales LLC (0466); NERCO LLC (3907); NERCO Coal LLC (7859); NERCO Coal Sales LLC (7134); Prospect Land and Development LLC (6404); Resource Development LLC (7027); Sequatchie Valley Coal Corporation (9113); Spring Creek Coal LLC (8948); Western Minerals LLC (3201); Youngs Creek Holdings I LLC (3481); Youngs Creek Holdings II LLC (9722); Youngs Creek Mining Company, LLC (5734). The location of the Debtors' service address is: 385 Interlocken Crescent, Suite 400, Broomfield, Colorado 80021.

RLF1 22534755v.1

744] (as may be amended, supplemented, or modified from time to time, the "***Plan***").[2] Except as otherwise noted, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals under my supervision, and my review of relevant documents. I am authorized to submit this Declaration on behalf of Prime Clerk. If I were called to testify, I could and would testify competently as to the facts set forth herein.

3. This Court authorized Prime Clerk's retention by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") as (a) the claims and noticing agent pursuant to the *Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date*, dated May 14, 2019 [Docket No. 92] and (b) the administrative advisor pursuant to the *Order Authorizing the Retention and Employment of Prime Clerk LLC as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date*, dated June 10, 2019 [Docket No. 216] (collectively, the "***Retention Orders***"). The Retention Orders authorize Prime Clerk to assist the Debtors with, among other things, the service of solicitation materials and tabulation of votes cast to accept or reject the Plan. Prime Clerk and its employees have considerable experience in soliciting and tabulating votes to accept or reject Chapter 11 plans.

### Service and Transmittal of Solicitation Packages and the Tabulation Process

4. Pursuant to the *Order (I) Conditionally Approving the Disclosure Statement; (II) Scheduling a Combined Plan and Disclosure Statement Hearing; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Form of Ballots; and (V) Granting Related Relief*, dated October 15, 2019 [Docket No. 721] (the "***Conditional Disclosure Statement Order***"), the Court established procedures to solicit votes from and tabulate Ballots submitted by Holders entitled to vote on the Plan (the "***Solicitation and Tabulation Procedures***" and the "***Master Ballot***

---

[2] All capitalized terms used by not otherwise defined herein have the meanings ascribed to them in the Plan.

*Voting and Tabulation Procedures*," respectively) Prime Clerk adhered to the Solicitation and Tabulation Procedures and the Master Ballot Voting and Tabulation Procedures outlined in the Conditional Disclosure Statement Order and the Ballots, which were distributed to parties entitled to vote on the Plan. I supervised the solicitation and tabulation performed by Prime Clerk's employees.

5. The Solicitation and Tabulation Procedures and Master Ballot Voting and Tabulation Procedures established October 15, 2019 as the record date for determining which creditors were entitled to vote on the Plan (the "*Voting Record Date*"). Pursuant to the Plan and the Solicitation and Tabulation Procedures and Master Ballot Voting and Tabulation Procedures, only Holders as of the Voting Record Date in the following Classes (the "*Voting Classes*") were entitled to vote to accept or reject the Plan:

| Class | Class Description |
|-------|-------------------|
| 3 | Prepetition 2021 Notes Secured Claims |
| 4 | General Unsecured Claims |

No other Classes were entitled to vote on the Plan.

6. In accordance with the Solicitation and Tabulation Procedures and Master Ballot Voting and Tabulation Procedures, Prime Clerk worked closely with the Debtors' advisors to identify the Holders entitled to vote in the Voting Classes as of the Voting Record Date, and to coordinate the distribution of solicitation materials to these Holders. In addition, Prime Clerk coordinated the distribution of solicitation materials to Holders in the applicable Voting Classes in accordance with procedures commonly used to serve solicitation materials on holders of public securities. A detailed description of Prime Clerk's distribution of solicitation materials is set forth in Prime Clerk's *Affidavit of Service of Solicitation Materials*, which was filed with this Court on November 1, 2019 [Docket No. 780] (the "*Solicitation Affidavit*").

7. In accordance with the Solicitation and Tabulation Procedures and Master Ballot Voting and Tabulation Procedures, Prime Clerk received, reviewed, determined the validity of, and tabulated the Ballots submitted to vote on the Plan. Each Ballot submitted to Prime Clerk was date-stamped, scanned, assigned a ballot number, entered into Prime Clerk's voting database and processed in accordance with the Solicitation and Tabulation Procedures and Master Ballot Voting and Tabulation Procedures. To be included in the tabulation results as valid, a Ballot must have been (a) properly completed pursuant to the Solicitation and Tabulation Procedures and Master Ballot Voting and Tabulation Procedures, (b) executed by the relevant Holder entitled to vote on the Plan (or such holder's authorized representative), (c) returned to Prime Clerk via an approved method of delivery set forth in the Solicitation and Tabulation Procedures and Master Ballot Voting and Tabulation Procedures, and (d) received by Prime Clerk by 5:00 p.m. (prevailing Eastern Time) on November 27, 2019 (the "**_Voting Deadline_**").

8. All valid Ballots cast by Holders entitled to vote in the Voting Classes and received by Prime Clerk on or before the Voting Deadline were tabulated pursuant to the Solicitation and Tabulation Procedures and Master Ballot Voting and Tabulation Procedures.

9. The final tabulation of votes cast by timely and properly completed Ballots received by Prime Clerk is attached hereto as **Exhibit A**.

10. A report of all Ballots excluded from the final tabulation prepared by Prime Clerk, and the reasons for exclusion of such Ballots, is attached hereto as **Exhibit B**.

**Service of Notice of Non-Voting Status and Plan Release Opt-Outs**

11. In accordance with the Conditional Disclosure Statement Order, Prime Clerk worked closely with the Debtors' advisors to identify the members in the non-Voting Classes, and coordinated the distribution of the Notice of Non-Voting Status to the members of these Classes as set forth in the Solicitation Affidavit. Each Notice of Non-

Voting Status provided for a receiving party to opt-out of the releases set forth in Article VIII.F of the Plan.  Of the 76,480,990 shares held by holders of Class 7 – Parent Interests, holders of 14,374,501 shares, (or 18.79% of the total shares held by holders of Class 7 – Parent Interests) returned an opt-out.

I declare under penalty of perjury that the foregoing information concerning the distribution, submission and tabulation of ballots in connection with the Plan is true and correct.

Dated: December 3, 2019         */s/ James Daloia*
                                James Daloia
                                Director of Global Corporate Actions
                                Prime Clerk LLC