## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CLOUD PEAK ENERGY INC., *et al.*, | ) | Case No. 19 – 11047 (KG) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Obj. Deadline: Dec. 23, 2019 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: Jan. 13, 2020 at 1:00 p.m. (ET)** |
| | ) | |

## MOTION OF DEBTORS FOR ENTRY OF AN
## ORDER (I) AUTHORIZING THE CLOSURE OF CERTAIN
## CHAPTER 11 CASES; AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***"), file this *Motion of Debtors for Entry of an Order (I) Authorizing the Closure of Certain Chapter 11 Cases; and (II) Granting Related Relief* (the "***Motion***") and in support respectfully submit the following:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[1]   The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Antelope Coal LLC (8952); Arrowhead I LLC (3024); Arrowhead II LLC (2098); Arrowhead III LLC (9696); Big Metal Coal Co. LLC (0200); Caballo Rojo LLC (9409); Caballo Rojo Holdings LLC (4824); Cloud Peak Energy Finance Corp. (4674); Cloud Peak Energy Inc. (8162); Cloud Peak Energy Logistics LLC (7973); Cloud Peak Energy Logistics I LLC (3370); Cloud Peak Energy Resources LLC (3917); Cloud Peak Energy Services Company (9797); Cordero Mining LLC (6991); Cordero Mining Holdings LLC (4837); Cordero Oil and Gas LLC (5726); Kennecott Coal Sales LLC (0466); NERCO LLC (3907); NERCO Coal LLC (7859); NERCO Coal Sales LLC (7134); Prospect Land and Development LLC (6404); Resource Development LLC (7027); Sequatchie Valley Coal Corporation (9113); Spring Creek Coal LLC (8948); Western Minerals LLC (3201); Youngs Creek Holdings I LLC (3481); Youngs Creek Holdings II LLC (9722); Youngs Creek Mining Company, LLC (5734).  The location of the Debtors' service address is:  385 Interlocken Crescent, Suite 400, Broomfield, Colorado 80021.

2.    The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The statutory bases for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code (the "***Bankruptcy Code***"), rule 3022 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rule 3022-1.

## BACKGROUND

5.    On May 10, 2019 (the "***Petition Date***"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.    On December 5, 2019, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Revised First Amended Joint Chapter 11 Plan of Cloud Peak Energy Inc. and Certain of its Debtor Affiliates* [Docket No. 868] (the "***Confirmation Order***"), approving the Disclosure Statement on a final basis and confirming the Debtors' *Revised First Amended Joint Chapter 11 Plan of Cloud Peak Energy Inc. and Certain of its Debtor Affiliates* (the "***Plan***").[2]

7.    The Debtors anticipate the Effective Date of the Plan will occur on or around December 13, 2019.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Plan.  The rules of interpretation set forth in Article I.B of the Plan shall apply.  Paragraph 80 of the Confirmation Order approved certain non-material changes to the Plan as set forth in the *Second Amended Joint Chapter 11 Plan of Cloud Peak Energy Inc. and Certain of its Debtor Affiliates* [Docket No. 854], a copy of which is attached as <u>Exhibit A</u> to the Confirmation Order.

## RELIEF REQUESTED

8.      By this Motion and pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, the Debtors seek entry of an order (the "*Order*"), substantially in the form attached hereto as **Exhibit A**, authorizing (i) the closure of certain of the above-captioned chapter 11 cases (the "*Subsidiary Cases*")[3] as of the Effective Date of the Plan and (ii) granting related relief.

## BASIS FOR RELIEF REQUESTED

9.      Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.  Local Rule 3022-1(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

10.      The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules.  The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.   whether the order confirming the plan has become final;

---

[3]    The Subsidiary Cases consist of the chapter 11 cases of all Debtors other than Cloud Peak Energy Inc., Case No. 19-11047 (KG), which the Debtors request remain open. Upon the filing of a further motion to close the chapter 11 case of Cloud Peak Energy Inc., the Debtors intend to file a final report with respect to all of the chapter 11 cases.  Consequently, the Debtors in the Subsidiary Cases are not filing a final report prior to any hearing on this Motion.

    b.   whether deposits required by the plan have been distributed;

    c.   whether the property proposed by the plan to be transferred has been transferred;

    d.   whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

    e.   whether payments under the plan have commenced; and

    f.   whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 advisory committee's note.

11.    Courts in this jurisdiction have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1991)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

12.    In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan has been substantially consummated. *See, e.g., In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same). Section 1101(2) of the Bankruptcy Code defines "substantial consummation" as "(a) transfer of all or substantially all of the property proposed by the plan to be transferred;

4

(b) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (c) commencement of distribution under the plan."

13.     The Advisory Committee Note further indicates that entry of a final decree "should not be delayed solely because the payments required by the plan have not been completed," and the Court "should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." *Id.*  Additionally, "a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the [Bankruptcy] Code." *Id.*

14.     Indeed, Bankruptcy Rule 3022 was amended in order to:

> set forth a flexible Rule to permit the court to determine that an estate is fully administered and should be closed even though payments or other activities involving the debtor and its creditors might continue. . . .  As is evident by the Committee note, the Advisory Committee interprets "fully administered" *very loosely and encourages courts to use substantially more discretion in deciding whether to close a [c]hapter 11 case th[a]n Code § 350 and the Rule literally read.*

*In re Gould*, 437 B.R. 34, 37-38 (Bankr. D. Conn. 2010) (quoting Fed. R. Bankr. P. 3022 ed. cmt.) (emphasis added).

15.     Further, courts have also noted that entry of a final decree is appropriate to stop the accrual of fees arising under 28 U.S.C. § 1930(a)(6). *In re Junior Food Mart of Arkansas, Inc.*, 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [Section 1930] [F]ees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of Section 1930 Fees).

5

16.     As of the Effective Date, the Subsidiary Cases will be "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing those chapter 11 cases.  The Debtors anticipate substantial consummation of the Plan on or before December 13, 2019.  Among other things:

a.  no further Plan distributions will be made from the estates of the Subsidiary Cases;

b.  the transactions contemplated by the Plan, will have been consummated, including, without limitation (i) the Sale; (ii) the execution and delivery of appropriate agreements or other documents of merger, consolidation, or reorganization containing terms that are consistent with the terms of the Plan and that satisfy the requirements of applicable law; (iii) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any property, right, liability, duty, or obligation on terms consistent with the terms of the Plan; (iv) the filing of appropriate certificates of incorporation, merger, migration, consolidation, or other organizational documents with the appropriate governmental authorities pursuant to applicable law;

c.  the Reorganized Debtors will have been created and will have assumed the business and management of certain retained assets (as further described in the Plan) of the Debtors as reorganized entities;

d.  the GUC Administrator will have been authorized to administer the reconciliation and settlement process of Class 4 – General Unsecured Claims and the distribution of the General Unsecured Claims Cash Distribution Amount;

e.  the Reorganized Debtors will have (i) distributed the 2021 Notes Secured Claim Cash Distribution; (ii) effectuated the offering, issuance, sale, and distribution of the New Parent Equity and the Purchaser Take-Back Notes; and (iii) effectuated the amendment, restatement, offer, sale, issuance, and delivery under the Plan of the Amended Prepetition Notes to Holders of Class 3 – Prepetition 2021 Notes Secured Claims, who will serve as the new owners of the Reorganized Debtors, as provided in the Plan;

f.  there will be no pending contested matters or adversary proceedings against the Debtors or Reorganized Debtors; and

g.  pursuant to Article VII.B of the Plan, except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the authority to (1) file, withdraw, or litigate to judgment objections to Claims; (2)

6

settle or compromise any Disputed Claim without any further notice to or action, order, or approval by the Court; and (3) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Court, (x) solely with respect to any General Unsecured Claims will have vested in the GUC Administrator and (y) solely with respect to all other Claims will have vested in the Reorganized Debtors.

17.    The foregoing factors support closing the Subsidiary Cases as of the Effective Date.  Although the Debtors may be reviewing and resolving administrative or other claims not expunged under the Plan, this alone does not require that the Subsidiary Cases remain open until all such claims are resolved and distributions are made.  *Jay Bee Enters.*, 207 B.R. at 539 (finding that Bankruptcy Rule 3022 "does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid").  Further, pursuant to Article VII.B of the Plan, the Reorganized Debtors will have the authority to resolve any Disputed Claims against the Debtors without the Court's approval.  Accordingly, the Subsidiary Cases need not remain open while the Debtors' administer and make payments to satisfy Claims against them.

18.    To the extent necessary, however, the Court will retain jurisdiction over any issues relating to the Subsidiary Cases, including the resolution of Claims that result from the Debtors' rejection of any Executory Contract or Unexpired Lease or disputes regarding the amount of any Cure Cost pursuant to section 365 of the Bankruptcy Code (the "***Remaining Matters***").  Therefore, leaving Cloud Peak Energy Inc.'s case open will provide an opportunity to resolve any issues that may arise regarding the Subsidiary Cases, without the need to reopen those cases.

19.    In addition to the reasons explained above, closing the Subsidiary Cases will relieve the Court, the U.S. Trustee, and the Debtors from each of their administrative burdens with respect to the Subsidiary Cases.  Indeed, closing the Subsidiary Cases will alleviate certain

7

of the Debtors' obligation to pay quarterly fees under 28 U.S.C. § 1930 for the Subsidiary Cases. *See In re A.H. Robins Co., Inc.*, 219 B.R. 145, 149 (Bankr. E.D. Va. 1998) (finding that "the obligation to pay UST fees terminates upon closure, dismissal, or conversion of a Chapter 11 case, and will not be paid *ad infinitum*"). The Debtors have paid $1,358,648.15 in U.S. Trustee fees in the Subsidiary Cases for the quarter ending September 30, 2019, and estimate that the Debtors will owe approximately $1,099,034.96 in U.S. Trustee fees in the Subsidiary Cases for the next quarterly payment period ending December 31, 2019. Any quarterly fees that may be due and owing in these chapter 11 cases have been paid, or will be paid as and when such quarterly fees become due. As such, closing the Subsidiary Cases complies with Local Rule 3022-1.

20.    Unless and until the Court enters a final decree closing the Subsidiary Cases, the Debtors must continue paying U.S. Trustee fees while the Subsidiary Cases unnecessarily remain open.

## NOTICE

21.    Notice of this Motion has been provided by delivery to: (a) the Office of the United States Trustee for the District of Delaware; (b) the indenture trustee under the Debtors' Prepetition 2021 Notes; (c) Davis Polk & Wardwell, as counsel to the Prepetition Secured Noteholder Group; (d) the indenture trustee under the Debtors' Prepetition Unsecured Notes; (e) Morrison Foerster, as counsel to the Committee; (f) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; (g) the Securities and Exchange Commission; (h) the Internal Revenue Service; and (i) all other applicable government agencies to the extent required by the Bankruptcy Rules or the Local Rules.

8

## **NO PRIOR REQUEST**

22.     No prior motion for the relief requested herein has been made to this Court or any other court.

The Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, and grant them such other and further relief to which the Debtors may be justly entitled.

Dated: December 9, 2019
Wilmington, Delaware

*/s/ Travis J. Cuomo*
**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
John H. Knight (No. 3848)
David T. Queroli (No. 6318)
Travis J. Cuomo (No. 6501)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel:  302.651.7700
Fax: 302.651.7701
defranceschi@rlf.com; knight@rlf.com;
queroli@rlf.com; cuomo@rlf.com

- and -

**VINSON & ELKINS LLP**
David S. Meyer (admitted *pro hac vice*)
Jessica C. Peet (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Tel:  212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; jpeet@velaw.com;
lkanzer@velaw.com

- and -

Paul E. Heath (admitted *pro hac vice*)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel:  214.220.7700
Fax: 214.220.7716
pheath@velaw.com

*Attorneys for the Debtors and Debtors in Possession*

10